UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY FELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18CV1111 RLW |
| | ) | |
| SAFRON LOGISTICS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff/Counterclaim Defendant Timothy Felton's Motion for Leave to Serve Requests for Production of Documents Directed to Defendant Safron Logistics, Inc. Past Discovery Deadline and to Compel. (ECF No. 47) The motion is fully briefed.

## LEGAL STANDARD

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. *See* Fed. R. Civ. P. 37 (a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."). Likewise, Rule 26 governs the scope of discovery in federal matters:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

## DISCUSSION

On July 30, 2019, the Felton and Defendants Safron Logistics and Michael Mathenge (referred to collectively as "Defendants") filed a Joint Motion to Amend the Case Management Order. (ECF No. 37) The Court granted the motion the following day and issued an Amended Case Management Order incorporating the parties' jointly requested modifications. (ECF No. 40) These modifications included the following: extending the deadline to complete all discovery to September 2, 2019; beginning the briefing schedule for dispositive motions on September 20, 2019; and setting the trial for December 2, 2019.

On September 18, 2019, Felton's counsel served a Request for Production of Documents to defense counsel via email that consisted of the following three requests:

> 1. All documents supporting Safron's allegation of incurring damages in the form of "lost income and operational revenue," as alleged in paragraphs 13 and 16 of its Counterclaim.
>
> 2. Any additional documents not previously produced that support Safron's allegation of incurring damages in the form of "damages to the tractor-trailer," as alleged in paragraphs 13 and 16 of its Counterclaim.
>
> 3. Any additional documents not previously produced that support Safron's allegation of incurring damages in the form of "expenses in repairs," as alleged in paragraphs 13 and 16 of its Counterclaim.

(ECF No. 47-3) Defense counsel responded via email that discovery had closed and indicated the requested information could be found in the form of invoices and receipts already produced. On September 20, 2019, Defendants timely filed a Motion for Partial Summary Judgment. (ECF No. 43) A week later on September 27, 2019, Felton filed the instant Motion for Leave to Serve Requests for Production of Documents Directed to Defendant Safron Logistics, Inc. Past Discovery Deadline and to Compel. (ECF No. 47)

After careful consideration, the Court grants Felton's motion. The Court finds that production of the requested documents related to Defendants' counterclaim is directly relevant to

Felton's ability to evaluate Defendants' claim for damages at trial. While the Court does not condone Felton's late filing, the narrowly tailored requests are proportional to the needs of the case and should not impose an unfair burden or expense on Defendants as they admit they are actively preparing for trial. Such preparation undoubtedly includes compiling documentation supporting their counterclaim for "damage to the tractor-trailer, expenses in repairs, and lost income and operational revenue."

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff/Counterclaim Defendant Timothy Felton's Motion for Leave to Serve Requests for Production of Documents Directed to Defendant Safron Logistics, Inc. Past Discovery Deadline and to Compel (ECF No. 47) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants shall respond to Felton's Request for Production of Documents (ECF No. 47-3) no later than fifteen (15) days after the date of this Memorandum and Order.

Dated this 18th day of October, 2019.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**