UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TIMOTHY FELTON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 4:18CV1111 RLW |
| SAFRON LOGISTICS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion for Partial Summary Judgment filed by Defendants Safron Logistics and Michael Mathenge (referred to collectively as "Defendants") (ECF No. 43) and the Motion for Sanctions Against Defendants for Failure to Pay Sanctions filed by Plaintiff Timothy Felton (ECF No. 46). The motions are fully briefed. After careful consideration, the Court denies both motions.

## BACKGROUND

On September 11, 2017, Plaintiff Timothy Felton was traveling eastbound on Dunn Road approaching the intersection with Lilac Avenue located in northern St. Louis County. (Defs.' Statement of Material Facts Not in Dispute ("DSMF") ¶ 1, ECF No. 45) At approximately the same time, Defendant Michael Mathenge was driving a tractor-trailer and traveling westbound on Dunn Road approaching the same intersection with Lilac Avenue. (*Id.* at ¶ 2) Mathenge is employed by Defendant Safron Logistics, a Canadian trucking company. (Compl. ¶¶ 2, 9, ECF No. 1) According to Defendants, Mathenge activated his left turn signal to indicate he intended to turn left onto southbound Lilac Avenue, stopped at the stop sign for his direction of travel on Dunn Road, then entered the intersection before Plaintiff. (DSMF at ¶¶ 3-5) Plaintiff, on the other hand, maintains that he entered the intersection before Mathenge and that Mathenge did not utilize his left turn signal before turning left onto southbound Lilac Avenue. (Pl./Countercl.

Def.'s Resp. to Defs.'/Counterclaimants' Statement of Material Facts Not in Dispute ("PSMF") ¶¶ 3, 5-7, ECF No. 55)[1] Plaintiff's vehicle and Mathenge's tractor-trailer collided, causing physical injuries and damage to both vehicles. (DSMF at ¶ 7)

Plaintiff filed this lawsuit asserting separate claims for negligence and negligence *per se* pursuant to Missouri Revised Statutes § 304.351.4[2] against Safron Logistics (Counts I and II) and Mathenge (Counts III and IV). (Compl., ECF No. 1) In response, Defendants assert counterclaims against Plaintiff for negligence (Count I) and negligence *per se* pursuant to § 304.351.4 (Count II). (Defs.' Answers, Affirmative Defense and Counter Claim to Pl.'s Compl., ECF No. 8) Defendants now move for the Court to enter summary judgment in their favor on Plaintiff's claims against them and their counterclaim against Plaintiff. Plaintiff is opposed to the motion and contends there are genuine issues of material fact that prevent summary judgment from being entered in this case prior to trial.

## **LEGAL STANDARD**

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). The substantive law determines which facts are critical and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly

---

[1] Defense counsel did not ask during Plaintiff's deposition whether Mathenge used his left turn signal before the collision. Plaintiff, however, has attached an affidavit in which he asserts Mathenge did not do so. (ECF No. 55-2)
[2] Both Plaintiff's Complaint and Defendants' counterclaim state the statutory basis for their negligence *per se* claims is Missouri Revised Statutes § 304.351.4*(1)*(a). However, the correct subsection is § 304.351.4*(2)*(a).

preclude summary judgment. *Id.* Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex Corp.*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. *Id.*

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. *Celotex Corp.*, 477 U.S. at 331. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Torgerson*, 643 F.3d at 1042 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

## **DISCUSSION**

Defendants argue they are entitled to partial summary judgment on Plaintiff's claims based on a failure-to-yield theory because the relevant state statute provides the driver of the second vehicle to enter an intersection owes the duty to yield right-of-way to the driver of the first vehicle. Pursuant to Missouri Revised Statutes § 304.351.4(2)(a):

> Except when directed to proceed by a police officer or traffic-control signal, *every driver of a vehicle approaching a stop intersection, indicated by a stop sign, shall stop at a clearly marked stop line*, but if none, before entering the crosswalk on the near side of the intersection, or if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic in the intersecting roadway before entering the intersection. *After having stopped, the driver shall yield the right-of-way to any vehicle which has entered the intersection from another highway or which is approaching so closely on the*

> *highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection.*

(Emphasis added). According to Defendants, Mathenge entered the intersection before Plaintiff and, thus, was owed the duty to yield right-of-way.

Plaintiff disputes that assertion. In addition to claiming he entered the intersection before Mathenge and, therefore, was entitled to the right-of-way pursuant to Missouri Revised Statute § 304.351.4(2)(a), Plaintiff also argues subsection 3 of that same statue requires "[t]he driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard." Mo. Rev. Stat. § 304.351.3. Because Mathenge intended to make a left turn and Plaintiff was in the intersection first,[3] Plaintiff concludes Mathenge should have yielded the right-of-way.

Defendants argue Plaintiff has conceded that Mathenge entered the intersection first. During his deposition, Plaintiff testified to the following in response to questions by defense counsel:

> A. I got to my stop sign first.
> Q. So that means he got to his stop sign second?
> A. Yes.
> Q. So then you proceeded out into the intersection?
> A. We both proceeded out into the intersection.
> Q. At the same time?
> A. *He was a little bit before me.*

(Dep. of Timothy Felton at 50:24-25; 51:1-8, ECF No. 45-1) (emphasis added). After a few additional questions, the following back-and-forth occurred:

---

[3] In the alternative, Plaintiff also argues that, even if he did not enter the intersection first, his vehicle was nevertheless "approaching so closely on the highway as to constitute an immediate hazard" such that Mathenge should have yielded as Mathenge was "moving across or within the intersection." *See* Mo. Rev. Stat. § 304.351.4(2)(a).

- 4 -

Q. Sir, I just want to make sure I understood you correctly. You proceeded into the intersection before him; correct?

MR. ALLEN [Plaintiff's counsel]: Well, I'll object to form. Foundation. That mischaracterizes his prior testimony.

MS. LONG [Plaintiff's counsel for the counterclaim]: Join.

MR. DANIELS [Defendants' counsel]: That's why I asked him. I want to make sure.

Q. (BY MR. DANIELS) So tell me again who proceeded from the stop -- from their stopping position first into the intersection, you or him?

A. I proceeded --

MR. ALLEN: Hold on. I'm going to object to the form of the question. Subject to that.

MS. LONG: Objection. Asked and answered.

A. Could you repeat the question?

Q. (BY MR. DANIELS) Uh-huh. Who proceeded into the intersection first, you or him?

MS. LONG: Objection.

A. I proceeded --

MR. ALLEN: Just answer the question.

A. I proceeded. I mean --

Q. (BY MR. DANIELS) This is how it works.

Okay. And so then you proceeded first, and he -- after you proceeded -- started to go through the intersection, then he started to go through the intersection; correct?

A. I just know I proceeded through the intersection.

Q. First?

A. First.

(*Id.* at 51:21-25; 52:1-25; 53:1)

Defendants complain that "Plaintiff may not rely on subsequent testimony that inherently contradicts earlier testimony to create a question of material fact to avoid summary judgment." (ECF No. 56) The cases that Defendants cite for this argument, however, concern instances in which a party submits an affidavit that contradicts prior deposition testimony. *See Frevert v. Ford Motor Co.*, 614 F.3d 466, 474 (8th Cir. 2010) (noting the Eighth Circuit has "held that the

- 5 -

plaintiff did not create a genuine issue of material fact simply by submitting an affidavit that contradicted testimony at a prior deposition, where there were no 'legitimate reasons' for the filing of an inconsistent affidavit") (quoting *Roberts v. Park Nicollet Health Serv.*, 528 F.3d 1123, 1126 (8th Cir. 2008)); *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1365–66 (8th Cir. 1983) ("If testimony under oath . . . can be abandoned many months later by the filing of an affidavit, probably no cases would be appropriate for summary judgment. A party should not be allowed to create issues of credibility by contradicting his own earlier testimony.").

Here, any initial ambiguity in Plaintiff's deposition testimony was clarified by Plaintiff and counsel *during the same deposition*. It is clear from the transcript quoted above that Plaintiff's definitive answer to the question was that "I just know I proceeded through the intersection . . . First." (Dep. of Timothy Felton at 52:23-24; 53:1, ECF No. 45-1) Plaintiff's repeated assertions in the record that he entered the intersection first are clearly inconsistent with Defendants' assertions that Mathenge entered first. This disagreement, as well as whether Mathenge used his left turn signal prior to the collision, clearly reflect genuine issues of material fact for a jury to decide. Consequently, the Court denies Defendants' Motion for Partial Summary Judgment.

Also before the Court is Plaintiff's Motion for Sanctions Against Defendants for Failure to Pay Sanctions. On July 31, 2019, the Court granted Plaintiff's previous Motion for Sanctions, in part, and awarded "costs associated with responding to the motion to extend mediation deadline and any cancelation fees associated with the mediation originally scheduled for June 21, 2019." (ECF No. 39) Plaintiff's counsel has since requested payment for attorneys' fees for time associated with responding to Defendant's motion to extend mediation deadline, but Defendants' counsel has not complied. Now, Plaintiff moves to compel payment of the already requested fees and additional sanctions associated with the instant motion. Defendants respond

that the Court's July 31, 2019 Order did not explicitly provide for attorneys' fees. The Court finds that this motion is premature and will deny it without prejudice. The Court can take up a renewed motion, if necessary, at the conclusion of the proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Safron Logistics and Michael Mathenge's Motion for Partial Summary Judgment (ECF No. 43) is **DENIED**. The Court will issue a separate order setting a final pretrial conference before the December 2, 2019 trial setting.

**IT IS FURTHER ORDERED** that Plaintiff Timothy Felton's Motion for Sanctions Against Defendants for Failure to Pay Sanctions (ECF No. 46) is **DENIED without prejudice**.

Dated this 5th day of November, 2019.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**